UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUBA ELENA JAMMA,<br><br>                               Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 17cv1520-JLS (AGS)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Nuba Elena Jamma's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.) Plaintiff has timely filed an action requesting that this Court review the Social Security Administration's ("SSA") denial of benefits. (Compl., ECF No. 1.) Plaintiff argues that the SSA's decision was not supported by substantial evidence.

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In support of her IFP Motion, Plaintiff has submitted an affidavit of her financial status pursuant to 28 U.S.C. § 1915(a)(1) and Civil Local Rule 3.2. These statements show that Plaintiff currently has $0 in her account and $0 in securities, but during the past twelve months had an average monthly income of $194 from public assistance. (*See generally* IFP Mot.) Plaintiff also claims that her spouse receives a monthly income of $907.00 from retirement benefits. (*Id.* at 2.) However, Plaintiff notes that their joint monthly expenses exceed $1,300. Given the foregoing, the Court finds that Plaintiff does not have the means to pay the statutory filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In social security appeals, a complaint challenging the denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, and instead simply recited the general

3

17cv1520-JLS (AGS)

standards governing review of that decision).[1] "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case Plaintiff seeks review of her SSA benefits denial. (*See generally* Compl.) Plaintiff alleges that there is no substantial evidence in the record to support the SSA Commissioner's decision, (*id.* ¶¶ 9(a)–(b)), and that the evidence in the record supports only the finding that Plaintiff is and has been continuously disabled as defined in the Social Security Act, (*id.* ¶ 9(c)). However, these bare recitations are not enough to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Harris v. Colvin*, No. SACV 14-0383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (concluding that the plaintiff had failed to state a claim for relief where the complaint did not specify why the ALJ's findings were not supported by substantial evidence or the reasons why the proper legal standards were not applied); *Montoya*, 2016 WL 890922, at *2 (dismissing for failure to state a claim under screening duty and explaining that "Plaintiff fails to state the nature of his disability or when it commenced, alleging only that '[Plaintiff] is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act.' . . . . Moreover, Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision" (first alteration in original)). The Court therefore finds that Plaintiff has failed to
///

---

[1] The *Montoya* court listed the requirements for social security appeal complaints: (1) Plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the Plaintiff resides; (3) the complaint must state how Plaintiff is disabled and when Plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the Plaintiff disagrees with the Commissioner's determination and show that the Plaintiff is entitled to relief. 2016 WL 890922, at *2.

state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**CONCLUSION**

Good cause appearing, **IT IS ORDERED** that:

1. Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**; and

2. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint <u>on or before thirty days from the date on which this Order is electronically docketed</u>. *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action for failure to prosecute.*

**IT IS SO ORDERED.**

Dated: August 16, 2017

Hon. Janis L. Sammartino
United States District Judge