UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUBIA ELENA JAMMA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cv1520-JLS (AGS)<br><br>**ORDER DIRECTING U.S. MARSHAL SERVICE**<br><br>(ECF No. 5) |

On August 16, 2017, the Court granted Plaintiff Nubia Elena Jamma's Motion to Proceed *In Forma Pauperis* ("IFP"), but dismissed Plaintiff's complaint for failure to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). (ECF No. 4.) Specifically, Plaintiff merely provided recitations of law without any factual allegations. (*Id.* at 4.) Plaintiff has now filed a First Amended Complaint ("FAC") that purportedly addresses these deficiencies. (ECF No. 5.)

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."

28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

///

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In social security appeals, a complaint challenging the denial of benefits "must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases) (finding that the plaintiff failed to state a claim for relief where the complaint merely alleged that the Commissioner's decision to deny benefits was wrong without explaining why, and instead simply recited the general standards governing review of that decision).[1] "The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (citing *Brown v. Astrue*, No. 11-cv-056-JL, 2011 WL 3664429, at *3 (D.N.H. Aug. 19, 2011)).

In the present case Plaintiff seeks review of her Social Security Act ("SSA") benefits denial. (*See generally* FAC.) Plaintiff alleges that there is no substantial evidence in the record to support the SSA Commissioner's decision, (*id.* ¶¶ 9(a)–(b)), and that the evidence in the record supports only the finding that Plaintiff is and has been continuously disabled as defined in the Social Security Act, (*id.* ¶ 9(c)). Specifically, Plaintiff alleges that she was found to have severe impairments of a depressive disorder and cognitive disorder, yet the

---

[1] The *Montoya* court listed the requirements for social security appeal complaints: (1) Plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action commenced within 60 days after notice of final decision; (2) the complaint must list the judicial district in which the Plaintiff resides; (3) the complaint must state how Plaintiff is disabled and when Plaintiff became disabled; and (4) the complaint must contain a short and plain statement that identifies why the Plaintiff disagrees with the Commissioner's determination and show that the Plaintiff is entitled to relief. 2016 WL 890922, at *2.

ALJ found that she had the residual functional capacity to perform her past relevant work. (*Id.* ¶¶ 9(d)–(f).) Plaintiff maintains that the ALJ failed to properly evaluate the medical evidence and subjective complaints in making this finding. (*Id.* ¶ 9(f).) The Court finds that the allegations in Plaintiff's FAC are sufficient to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). *Cf. Harris v. Colvin*, No. SACV 14-0383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (concluding that the plaintiff had failed to state a claim for relief where the complaint did not specify why the ALJ's findings were not supported by substantial evidence or the reasons why the proper legal standards were not applied); *Montoya*, 2016 WL 890922, at *2 (dismissing for failure to state a claim under screening duty and explaining that "Plaintiff fails to state the nature of his disability or when it commenced, alleging only that '[Plaintiff] is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act.' . . . . Moreover, Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision" (first alteration in original)).

Plaintiff is therefore entitled to U.S. Marshal service on her behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

Good cause appearing, **IT IS ORDERED** that:

1. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's FAC (ECF No. 5) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a

certified copy of this Order and a certified copy of her Complaint (ECF No. 1) and the summons so that he may serve the named Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

2. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. Defendant is thereafter **ORDERED** to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

4. Plaintiff **SHALL SERVE** upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on the Defendant, or counsel for Defendant, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated: August 29, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge